IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**CURTIS LEE WATSON,**

    Petitioner,

v.                                         **CIVIL ACTION NO. 2:16-cv-76**
                                                   **(BAILEY)**

**WARDEN, FCI HAZELTON,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed R&R. Magistrate Judge Seibert filed his R&R on April 5, 2017 [Doc. 28]. In that filing, the magistrate judge recommended that this Court grant respondent's Motion to Dismiss, or In the Alternative, Motion for Summary Judgment [Doc. 14], deny petitioner's 28 U.S.C. § 2241 motion [Doc. 1], and dismiss this action from the docket.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is timely made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***,

1

474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his objections [Doc. 30] on April 17, 2017. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

## I. Background

### A. Procedural History:

On September 19, 2016, petitioner Curtis Lee Watson ("Watson"), an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 ("2241"), seeking an Order directing the Bureau of Prisons ("BOP") to "ISSUE [his] IMMEDIATE RELEASE!" [Doc. 1 at 8]. On November 23, 2016, the respondent filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment [Doc. 14]. On December 12, 2016, Watson filed a Response in Opposition [Doc. 21] to the Respondent's dispositive motion. The instant R&R [Doc. 28] and Watson's Objections [Doc. 30] followed.

### B. Factual Background:

As Magistrate Judge Seibert did well to outline lengthy factual background of

2

Watson's cases in his R&R, the same does not bear repeating at length herein. Of note, on August 10, 1978, in the Superior Court for the District of Columbia, Watson was sentenced an aggregate term of 30 years to life for assault with intent to kill; carrying a pistol without a license; first degree murder while armed; first degree burglary while armed (two counts); and assault while armed [Doc. 15-1 at 2-5]. However, Watson escaped D.C. D.O.C. custody while incarcerated at Lorton Penitentiary on August 30, 1988. He remained on escape status until October 30, 1995, and accrued a total 2,618 days total inoperative time [Doc. 15-6 and 15-8]. Petitioner received a federal one-year consecutive sentence for this escape [Doc. 15-6 and 15-3].[1] The BOP failed to compute Watson's escape time as inoperative time in a 2004 computation, which, in turn, showed his parole eligibility date as being on February 25, 2005, although this error was corrected in a 2007 re-computation which showed his parole eligibility as May 27, 2012. The 2004 mis-computation seems to form the basis of Watson's complaints herein.

## II. Legal Standard

**A. Motion to Dismiss:**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.' **Bell Atl. Corp. v. Twombly**, 127 S. Ct. 1955, 1974 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts

---

[1] In 1998, after the District of Columbia Board of Parole was abolished by Congress, and the Lorton Reformatory (where D.C. prisoners had been confined) was closed, Petitioner was transferred into custody of the Federal Bureau of Prisons ("BOP") [Doc. 25 at 4].

3

and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. See **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," **Id**. at 1964-65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." **Id**. at 1974.

### B. Summary Judgment:

Fed. R. Civ. P. 56 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." **Temkin v. Frederick County Comm'rs**, 945 F.2d 716, 718 (4th Cir. 1991), *cert. denied*, 502 U.S. 1095 (1992) (citing **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 247-48

(1986)).

However, as the United States Supreme Court noted in ***Anderson***, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." ***Id.*** at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." ***Id.*** at 250; *see also* ***Charbonnages de France v. Smith***, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing ***Stevens v. Howard D. Johnson Co.***, 181 F.2d 390, 394 (4th Cir. 1950)). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. *See* ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.***, 475 U.S. 574, 587 (1986). Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Id.*** at 586. That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323-25; ***Anderson***, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." ***Anderson***, 477 U.S. at 249 (citations omitted).

5

### III. Analysis

As Magistrate Judge Seibert noted in his R&R, "Watson's claims are, in places, so unclearly stated that they are difficult to sort." [Doc. 28 at 10]. The United States District Court for the District of Columbia similarly noted, in another of Watson's nearly identical filings in another, yet related matter, that, "[i]t is no easy task to decipher the claims [Watson] presents." **Watson v. United States Parole Com'n**, 869 F.Supp.2d 145, 148 (D.D.C. 2012). The same must be said of Watson's Objections [Doc. 30] in this matter, which includes two-pages of rambling objections, and eighteen pages of legal filings related to his argument that his parole was improperly computed. Nowhere within his Objections does petitioner rebut the Magistrate Judge's finding that the "abuse of writ" doctrine must be applied to his claims, because they have been raised and adjudicated in previous cases [Doc. 28 at 14-16; see also **Kuhlmann v. Wilson**, 477 U.S. 436, 444 n.6 (1986) (finding a court may dismiss a subsequent petition when "a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that dis-entitles him to the relief he seeks")].

Instead, Watson implicitly admits that he has, "MADE A (sic) ARGUMENT FOR MORE THAN THREE DECADES, THAT THE USE OF GUIDELINES THAT WERE NOT IN EFFECT WHEN THIS D.C. PRISONER WAS SENTENCED VIOLATES THE EX-POST-FACTOR (sic) CLAUSE OF THE UNITED STATES FEDERAL CONSTITUTION" [Doc. 30 at 1]. As Magistrate Judge Seibert noted previously, all of Watson's claims amount to arguments that his sentence was improperly calculated [Doc. 28 at 14]. Those claims are nearly identical to those denied by this district, the District Court for the District of

6

Columbia, the Middle District of Florida, and the Eleventh Circuit when considering petitioner's previous § 2241 petitions. *See* **Watson v. O'Brien**, 2015 WL 1038989 (N.D. W.Va. March 10, 2015) (Keeley, J) (denying Watson's petition as meritless and successive)*;* **Watson**, 869 F.Supp.2d at 148-49 (holding that the United States Parole Commission's retroactive application of its own guidelines did not violate prisoner's right not to be subject to *ex post facto* laws); **Watson v. Warden, FCC Coleman-USP I**, 2015 WL 78775 (M.D. Fla. Jan. 6, 2015) (holding that Watson's claim that the BOP miscalculated his sentence is successive, citing **Watson v. Warden, FCC Coleman-USP I**, 2012 WL 5465993 (M.D. Fla. May 3, 2012) and **Watson v. Warden, FCC Coleman-USP I**, 521 F.App'x 899 (11th Cir. 2013)). Accordingly, and for the reasons more fully stated in the R&R, Watson's claims are dismissed as successive as they amount to an "abuse of the writ." **Kuhlmann**, 477 U.S. at 444 n.6.

## CONCLUSION

Upon careful review of the record, this Court hereby **ADOPTS** the magistrate judge's Report and Recommendation **[Doc. 28]** for the reasons stated above. As such, the petitioner's Objections **[Doc. 30]** are **OVERRULED** and the respondent's Motion for Summary Judgment **[Doc. 14]** is hereby **GRANTED**. Accordingly, this Court hereby **DENIES** and **DISMISSES** the petitioner's § 2241 petition **[Doc. 1]** and this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and

to mail a copy to the *pro se* petitioner.

**DATED:** May 11, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE